UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In Re U.S. Postal Service    )
                             )
                             )    Case: 1:07-mc-00574
                             )    Assigned To : Lamberth, Royce C.
                                  Assign. Date : 12/27/2007
                                  Description: Miscellaneous

## MOTION TO QUASH SUBPOENA
## OR, IN THE ALTERNATIVE, FOR PRODUCTION

On or about December 14, 2007, the Respondent, the U.S. Postal Service ("Postal Service"), received a subpoena stemming from the criminal case, <u>The United States of America v. Farzad Darui</u>, No. 07-cr-00149 (RCL).  Exhibit A.  The Postal Service respectfully submits this motion to quash the subpoena pursuant to Fed. R. Crim. P. 17(c) because the disclosure of the records requested would violate the Privacy Act, 5 U.S.C. § 552a, absent an Order of Court, and because the subpoena is unreasonable and oppressive.  Defendant in the criminal case issued the subpoena which commands the production from the Temple Heights Post Office, 1921 Florida Ave, NW, Washington DC 20009 of "[a]ll documents referring or relating to the Post Office Box rented by Abdullah M. Khouj."  The subpoena commands the production by December 28, 2007.  <u>See</u> Exhibit A.

The requested documents, however, are protected by the Privacy Act as well as Post Office regulations.  Moreover, complying with the subpoena would require a hand search of numerous Post Office Box records to discover whether any records exist related to a Post Office Box rented by Abdullah M. Khouj.  It is unreasonable for the Postal Service to perform such a search within the time provided by the subpoena.  <u>See</u> Exhibit B.

## ARGUMENT

A party requesting production of documents prior to trial under Rule 17(c) must "satisfy exacting standards of (1) relevancy; (2) admissibility; [and] (3) specificity." <u>Cheney v. U.S. Dist. Court for the Dist. Of Columbia</u>, 542 U.S. 367, 386 (2004) (quoting <u>United States v. Nixon</u>, 418 U.S. 214, 219-20 (1951) (internal quotation marks omitted)). Assuming that the Defendant can satisfy these exacting standards, the Postal Service objects to the subpoena pursuant to the Privacy Act and because the subpoena is unreasonable and oppressive.

*A.     Privacy Act*

The subpoena has requested records which are exempt from mandatory disclosure under the Privacy Act, 5 U.S.C. § 552a.[1] The Privacy Act provides that the subject records only may be disclosed pursuant to a release signed by the person about whom the record is kept or a U.S. District Court judge-signed subpoena (or order enforcing a subpoena). The Defendant has not provided a release by Abdullah M. Khouj, the person about whom the record is presumably kept.

In addition, the Defendant has provided neither a judge-signed subpoena nor an order. It has been held time and time again that a subpoena signed by a lawyer or Court Clerk is not sufficient to meet the requirements of the Act. <u>Doe v. DiGenova</u>, 779 F.2d 74, 85 (DC Cir. 1985); <u>Perry v. State Farm Fire & Casualty</u>, 734 F.2d 1441, 1447 (11th Cir. 1984); <u>Bruce v. United States</u>, 621 F.2d 914, 916(8th Cir. 1980); <u>Stiles v. Atlanta Gas Light Co.</u>, 453 F. Supp. 798 (ED GA 1978). The Postal Service is prohibited by statute from releasing the requested

---

[1]     The Postal Reorganization Act, 39 USC 410 (c) also prevents the release of the name or address, past or present, of any postal patron. <u>See</u> 39 U.S.C. 410(c)(1).

2

records in the absence of a release or order of this Court.

**B.   *Unreasonable and Oppressive***

Rule 17(c) allows a criminal defendant to subpoena "books, papers, documents . . . or other objections . . . designate[d] [therein]" for use at trial as long as compliance would not be "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(1)-(2). Here, the subpoena commands the production of "[a]ll documents referring or relating to the Post Office Box rented by Abdullah M. Khouj" by December 28, 2007. See Exhibit A. Because the subpoena does not specify a P.O. Box number or year, a manual search of hundreds of box record cards (this function is not computerized) would be required. Furthermore, this season of the year is the busiest in the Postal Service calendar. See Exhibit B. Because a search of the box records (which are kept seriatim by box number) would need to be done manually, it would be difficult and expensive for the Postal Service to complete. See Exhibit B. Therefore, the Postal Service requests that the Court quash the subpoena because the time frame for production of the requested materials makes the subpoena unreasonable and oppressive.

**C.   *In the Alternative to Quashing the Subpoena***

As an alternative to quashing the subpoena, the Postal Service requests that the Court a) authorize release of the requested records pursuant to 5 U.S.C. § 552a(b)(6) extend the time for the Post Office to provide production to January 13, 2008 and b) order the Defendant to pay for the cost of the production. Pursuant to the Postal Service's Guide to Privacy, the Freedom of Information Act, and Records Management ("AS-353 4-6.5"), the Postal Service charges for the search of records. The charge for the requested search is $32.00 per hour with the first two hours free. AS-353 4-6.5. This search is estimated at eight hours total. See Exhibit B. The first half

of the search has already been conducted and that search was through the active box records. The remaining search is an estimated 4 hours and it would be through the closed box records (only the last two years are kept, records over two years old are discarded). The estimated cost of the full search is $192. The cost of the search already conducted is $64. See Exhibit B. In the event that the Court enforces the subpoena, the Postal Service requests that the Court order the Defendant to pay for the cost of production. For the convenience of the Court, the Postal Service has attached to the instant motion a proposed order regarding the production of the requested documents.

## CONCLUSION

Based upon the foregoing, the Postal Service respectfully requests that the Court quash the subpoena. In the alternative, the Postal Service requests that the Court order production by January 13, 2008 and order the Defendant to pay for the cost of production.

Dated: December 21, 2007          Respectfully submitted,

/s/ *Jeffrey A. Taylor*
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/ *Rudolph Contreras*
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/ *Andrea McBarnette*
ANDREA McBARNETTE, D.C. Bar # 483789
Assistant United States Attorney Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to Quash Subpoena was served by first class mail, postage prepaid on December 21, 2007 upon counsel for the Defendant, Farzad Darui in <u>The United States of America v. Farzad Darui</u>, No. 07-cr-00149 (RCL) at the following address:

Aaron S. Brook
Webster Brook LLP
1 North King Street
Leesburg, VA 20176
703 779-8767

_____
Andrea McBarnette
Assistant United States Attorney

CLERK'S OFFICE  CO-932
UNITED STATES DISTRICT COURT  Rev. 4/96
FOR THE DISTRICT OF COLUMBIA

NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
IN THIS OR ANY OTHER UNITED STATES COURT

**FILED**

DEC 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Misc.
~~Civil~~ Action No __07-574__
(To be supplied by the Clerk)

NOTICE TO PARTIES:

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

NOTICE TO DEFENDANT:

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

NOTICE TO ALL COUNSEL

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

---

The plaintiff, defendant or counsel must complete the following:

I.  RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).

    A new case is deemed related to a case pending in this or another U.S. Court if the new case: [Check appropriate box(e's) below.]

    [ ] (a) relates to common property

    [ ] (b) involves common issues of fact

    [X] (c) grows out of the same event or transaction

    [ ] (d) involves the validity or infringement of the same patent

    [ ] (e) is filed by the same pro se litigant

2.  RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)

    A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the <u>same</u> parties and <u>same</u> subject matter.

    Check box if new case is related to a dismissed case. [ ]

3.  NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT).

    _____

4.  CAPTION AND CASE NUMBER OF RELATED CASE(E'S). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

    The United States of America _____ v _____ Farzad Darui _____  CR No. 07-cr-0149 RCL

    12/27/07
    DATE            Signature of Plaintiff/Defendant (or counsel)  Andrea McBarnette / CAA

2