UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re U.S. Postal Service ) | |
| ) | No. 07-mc-00574 (RCL) |
| ) | |
| ) | |

**MOTION TO QUASH SECOND SUBPOENA OR, IN THE ALTERNATIVE, TO ORDER PRODUCTION SUBJECT TO SPECIFIED CONDITIONS**

On or about December 26, 2007, the U.S. Postal Service ("Postal Service"), received a second subpoena[1] stemming from the criminal case, The United States of America v. Farzad Darui, No. 07-cr-00149 (RCL). Exhibit A. The Postal Service respectfully submits this motion to quash the subpoena pursuant to Fed. R. Crim. P. 17(c) because the disclosure of the records requested would violate the Privacy Act, 5 U.S.C. § 552a, absent an Order of Court. The Defendant in the criminal case issued the subpoena which commands the production from the Temple Heights Post Office, 1921 Florida Ave, NW, Washington DC 20009 of the records of one Post Office Box 53188 for the time period from February 2000 to February 2007. The subpoena commands the production by January 4, 2008. See Exhibit A.

**ARGUMENT**

A party requesting production of documents prior to trial under Rule 17(c) must "satisfy exacting standards of (1) relevancy; (2) admissibility; [and] (3) specificity." Cheney v. U.S. Dist. Court for the Dist. Of Columbia, 542 U.S. 367, 386 (2004) (quoting United States v. Nixon, 418 U.S. 214, 219-20 (1951) (internal quotation marks omitted)). Assuming that the Defendant

---

[1] On December 27, 2007, the Postal Service filed a Motion to Quash, or in the Alternative, for Production in response to the first subpoena issued by the Defendant in the criminal case, The United States of America v. Farzad Darui, No. 07-cr-00149 (RCL). Docket 1.

can satisfy these exacting standards, the Postal Service objects to the subpoena pursuant to the Privacy Act.[2]

*A.     Privacy Act*

The subpoena has requested records which are exempt from mandatory disclosure under the Privacy Act, 5 U.S.C. § 552a.[3] The Privacy Act provides that the subject records only may be disclosed pursuant to a release signed by the person about whom the record is kept or a U.S. District Court judge-signed subpoena (or order allowing production). Neither condition has been satisfied. The Defendant has not provided a release by the person(s) about whom the record is presumably kept.

In addition, the Defendant has provided neither a judge-signed subpoena nor an order. It has been held time and time again that a subpoena signed by a lawyer or Court Clerk is not sufficient to meet the requirements of the Act. Doe v. DiGenova, 779 F.2d 74, 85 (DC Cir. 1985); Perry v. State Farm Fire & Casualty, 734 F.2d 1441, 1447 (11th Cir. 1984); Bruce v. United States, 621 F.2d 914, 916(8th Cir. 1980); Stiles v. Atlanta Gas Light Co., 453 F. Supp. 798 (ED GA 1978).

The Postal Service is prohibited by statute from releasing the requested records in the absence of a release or order of this Court. Therefore, the Postal Service objects to responding to the subpoena.

---

[2]     The Postal Service is unable to judge the relevancy of the requested documents to the criminal case from which it stems, The United States of America v. Farzad Darui, No. 07-cr-00149 (RCL), because the subpoena provided no information to indicate the relevancy of the requested documents.

[3]     The Postal Reorganization Act, 39 U.S.C. § 410 (c) also prevents the release of the name or address, past or present, of any postal patron. See 39 U.S.C. § 410(c)(1).

B.      *In the Alternative to Quashing the Subpoena*

As an alternative to quashing the subpoena, the Postal Service requests that the Court a) authorize release of the requested records pursuant to 5 U.S.C. § 552a(b)(6) and extend the time for the Post Office to provide production to January 13, 2008 and b) order the Defendant to pay for the cost of the production.  As the Postal Service informed the Court in its first Motion to Quash, the Postal Service expects that it will be able to produce the requested materials by January 13, 2008 in light of the fact the year end holiday season is the busiest in the Postal Service calendar.  See Docket 1, Exhibit B.

In addition, pursuant to the Postal Service's Guide to Privacy, the Freedom of Information Act, and Records Management ("AS-353 4-6.5"), the Postal Service charges for the search of records.  The charge for the requested search is $32.00 per hour with the first two hours free.  AS-353 4-6.5.  In the event that the Court enforces the subpoena, the Postal Service requests that the Court order the Defendant to pay for the cost of production.  For the convenience of the Court, the Postal Service has attached to the instant motion a proposed order regarding the production of the requested documents.

## CONCLUSION

Based upon the foregoing, the Postal Service respectfully requests that the Court quash the subpoena. In the alternative, the Postal Service requests that the Court order production by January 13, 2008 and order the Defendant to pay for the cost of production.

Dated: January 4, 2008                             Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a copy of the foregoing Motion to Quash Second Subpoena was served by first class mail, postage prepaid on January 4, 2008 upon counsel for the Defendant, Farzad Darui in The United States of America v. Farzad Darui, No. 07-cr-00149 (RCL) at the following address:

Aaron S. Brook
Webster Brook LLP
1 North King Street
Leesburg, VA 20176
703 779-8767

 

_____
Andrea McBarnette
Assistant United States Attorney

AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

DISTRICT OF _____ COLUMBIA

UNITED STATES OF AMERICA,

V.

FARZAD DARUI.

**SUBPOENA IN A CRIMINAL CASE**

Case Number: 1:07-cr-00149-RCL

TO:  TEMPLE HEIGHTS POST OFFICE
C/O CUSTODIAN OF RECORDS
UNITED STATES POSTAL SERVICE
475 L'ENFANT PLAZA S.W.
WASHINGTON, DC 20026

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| United States District Court<br>Chambers of the Honorable Royce C. Lamberth<br>333 Constitution Avenue, N.W., Washington DC 20001 | |
| | DATE AND TIME<br>1/4/2008 10:00 am |

☑ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

All documents from February 2000 through February 2007 referring or relating to Post Office Box number 53188 located at the Temple Heights Post Office in Washington DC.



RECEIVED DEC 26 2007 LAW DEPARTMENT

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| Signature and Seal on attached page. | 12/21/2007 |
| (By) Deputy Clerk | |
| Signature and Seal on attached page. | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Aaron S. Book/Steven T. Webster, Counsel for Defendant
1 North King Street, Leesburg, Virginia 20176
703-779-8767; 703-779-8229; Fax 703-991-9178; abook@websterbook.com; swebster@websterbook.com

AO89 (Rev. 7/95) Subpoena in a Criminal Case (Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| RECEIVED BY SERVER | DATE | PLACE |
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | FEES AND MILEAGE TENDERED TO WITNESS<br>☐ YES  ☐ NO   AMOUNT $ _____ |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE                             SIGNATURE OF SERVER

                                                    ADDRESS OF SERVER

ADDITIONAL INFORMATION

AO89 (Rev. 7/95) Subpoena in a Criminal Case (Reverse)

# United States District Court

_____ DISTRICT OF _____

V.

**SUBPOENA IN A CRIMINAL CASE**

CASE NUMBER:

TO:

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| NANCY MAYER-WHITTINGTON | |
| (By) Deputy Clerk | |
| ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER: | |



RECEIVED
JAN 2 2008
CAPITAL METRO AREA LAW OFFICE
U.S. POSTAL SERVICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In Re U.S. Postal Service    )
                             )    No. 07-mc-00574 (RCL)
                             )
                             )

**PROPOSED ORDER TO QUASH SECOND SUBPOENA**

UPON CONSIDERATION of Defendant's motion to quash second subpoena, any opposition thereto, any reply, and the record herein, it is hereby ORDERED that the motion to quash is GRANTED.

SO ORDERED, on this _____ day of _____, 2008.

_____
United States District Court Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In Re U.S. Postal Service         )
                                  )         No. 07-mc-00574 (RCL)
                                  )
                                  )

**PROPOSED ORDER FOR PRODUCTION**

In regards to the second subpoena issued upon the Postal Service in the above captioned case, it is hereby ORDERED that:

a)  The Postal Office of Temple Heights Post Office, 1921 Florida Ave, NW, Washington DC 20009 shall produce, by January 13, 2008, the records that exist relating to the Post Office Box 53188 for the time period from February 2000 to February 2007.

b)  The Defendant, Farzad Darui, shall pay for the cost of production of the requested documents.

SO ORDERED, on this _____ day of _____, 2008.

_____
United States District Court Judge